UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYDIA LEBRON,

    Plaintiffs,

v.                                    CASE NO.:

CIRCLE K. STORES, INC.

    Defendant.

_____/

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL OF ACTION**

Defendant, CIRCLE K. STORES, INC., by and through the undersigned counsel, and pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Rule 81(c) of the Federal Rules of Civil Procedure, and Local Rule 4.02 for the United States District Court for the Middle District of Florida, hereby serves its Notice of and Petition for Removal of the above-styled action from the Circuit Court of the Seventh Judicial Circuit of the State of Florida, in and for Volusia County, to the United States District Court for the Middle District of Florida, Orlando Division, and in support thereof would state as follows:

1.    On or about September 30, 2021, Plaintiff filed an action against Defendant in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, case number 2021-31264-CICI, seeking to recover damages for injuries she allegedly sustained during a slip-and-fall incident on Defendant's

premises on October 13, 2020 in Volusia County, Florida (hereinafter the "lawsuit").

2. Plaintiff filed a Complaint for Damages (hereinafter the "Complaint") against Defendant. A copy of Plaintiff's Complaint for Damages is attached and incorporated herein as Exhibit A.

3. In her Complaint, Plaintiff alleges to have "sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization medical and nursing care treatment, loss of earnings, loss of the ability to earn money and/or aggravation of a pre-existing condition." Exh. A, ¶8.

4. Defendant hereby gives notice of the exercise of its rights under the provisions of 28 U.S.C. section 1441 to remove this action from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida.

5. Defendant asserts that it is not in default, and this Notice of Removal has been filed within thirty (30) days of receipt of corroborating documents which show that the amount at controversy in this case exceeds $75,000.00.

6. Venue properly rests with the Orlando Division of the United States District Court for the Middle District of Florida, as this action is being removed from the Seventh Judicial Circuit in and for Volusia County, Florida. 28 U.S.C. §§ 1441(a), 1446(a).

7. The claims are causes of action against Defendant which would be removable under the terms of 28 U.S.C. §1441(b) and this Court would have original jurisdiction of such claims or causes of action under 28 U.S.C. §1332(a).

8. Defendant asserts that there is complete diversity. In this regard, Plaintiff states in her Complaint that she is a resident of Daytona Beach, Volusia County, Florida. Exh. A, ¶2.

9. Defendant is a Texas corporation with its principal place of business in Arizona. See the Affidavit of Al Smith of Circle K Stores Inc., which is attached and incorporated herein as Exhibit B.

10. Defendant asserts that the amounts in controversy exceed $75,000, exclusive of interest and costs.

11. Although Defendant denies the merits of the assertions made by Plaintiff, her claims satisfy the jurisdictional amount in controversy requirements in this diversity action.

12. Plaintiff's Complaint does not specify an amount of damages other than to allege that the amount is in excess of $30,001.00. Exh. A, ¶1.

13. Defendant subsequently served Interrogatories, Request for Production and Request for Admission to Plaintiff on November 2, 2021.

14. On December 16, 2021, Plaintiff served Defendant with her Verified Answers to Interrogatories. A copy of Plaintiff's Verified Answers to Interrogatories is attached and incorporated herein as Exhibit C.

15. Interrogatory number 9 asked Plaintiff to list each item of expense she claims to have incurred as a result of the injuries she is suing upon in this lawsuit. Exh C, ¶9.

16. In her Answer, Plaintiff provided an itemization of her medical expenses, totaling $213,378.35. Exh. C, ¶9.

17. On December 16, 2021, Plaintiff also served Defendant with her Responses to Defendant's Request for Production. A copy of Plaintiff's Responses to Defendant's Request for Production is attached an incorporated herein as Exhibit D.

18. Request number 2 asked Plaintiff to produce itemized medical bills she incurred as a result of the subject incident. Exh. D, ¶2.

19. In Response, Plaintiff produced medical invoices from several providers where she allegedly sought treatment related to the subject incident. A copy of the medical bills provided by Plaintiff as part of her Responses to Defendant's Request for Production are attached and incorporated herein as Composite Exhibit E.

20. While incomplete, the medical bills provided by Plaintiff in support of her claimed damages total $212,158.35.

21. Defendant also notes that the damages identified by Plaintiff in her discovery responses only relate to her past medical expenses, and do not include amounts for pain and suffering or estimated future medical care costs, which she has also pled.

22. Lastly, on December 16, 2021, Plaintiff served her Responses to Defendant's Request for Admissions. A copy of Plaintiff's Responses to Defendant's Request for Admissions is attached and incorporated herein as Exhibit F.

23. Admission number 1 asked Plaintiff to admit that the damages sought in this case do not exceed $75,000, and Plaintiff responded with "Denied." Exh. F, ¶1.

24. In cases in which a plaintiff has not plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. Kirkland v. Midland Mortg. Co., 243 F.3d 11277, 1281 n.5 (11th Cir. 2001).

25. Pursuant to section 1446 of Title 28 of the United States Code, subsection (b)(3)(A), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

26. "[I]nformation relating to the amount in controversy in the record of the State proceeding, *or in responses to discovery*, shall be treated as an 'other paper' under subsection (b)(3)." (emphasis added) 28 U.S.C. §1446(c)(3)(A); see also Lowery v. Alabama Power Co., 483 F.3d 1184, n. 62 & 63 (11th Cir. 2007) (indicating that requests for admissions, answers to interrogatories, and documents received from the plaintiff which demonstrate the sufficiency of the amount in controversy are appropriate to support removal).

27. Defendant asserts that the information and documents received from Plaintiff on December 16, 2021 in her responses to Defendant's discovery requests unequivocally demonstrated that the amount in controversy exceeds $75,000.

28. Accordingly, all the prerequisites for removal under 28 U.S.C. § 1441 have been met.

29. Copies of all process, pleadings and orders and other papers or exhibits of every kind on file with the State Court are being filed contemporaneously with this Notice of Removal as exhibits to Defendant's Notice of Filing.

30. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present further evidence and legal authority in support of its position.

WHEREFORE, Defendant, CIRCLE K STORES, INC. prays that this action be removed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above-foregoing has been furnished via email to the known counsel of record: Edward S. Rue, Esquire 632 Dunlawton Avenue, Port Orange, FL 32127 Edr@rueziffra.com on this 10th day of January 2022.

> */s Robert M. Stoler*_____
> Robert M. Stoler, Esquire
> Florida Bar No.: 816256
> Catherine M. Verona, Esquire
> Florida Bar No.: 506559
> **STOLER RUSSELL KEENER VERONA**
> 201 N. Franklin Street, Suite 3100
> Tampa, Florida 33602
> TEL: (813) 609-3200
> Attorneys for Defendant
> stolerservice@stolerrussell.com